UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Darnesha Jones,

                Plaintiff,

vs.

Zoox, Inc., et al.,

                Defendant.

CASE NO. 2:25-cv-01012-RFB-MDC

ORDER GRANTING PLAINTIFF'S IFP APPLICATION (ECF NO. 10) AND SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 2-1)

Pro se plaintiff filed a renewed *Application to Proceed In Forma Pauperis* ("IFP") and a proposed complaint. *ECF Nos. 10 and 2-2*. The Court grants plaintiff's IFP Application. *ECF No. 10*. The Court dismisses her complaint without prejudice, and with leave to refile. *ECF No. 2-1*.

I.      WHETHER PLAINTIFF MAY PROCEED IN FORMA PAUPERIS

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Court previously denied plaintiff's IFP applications as incomplete and ordered plaintiff to file this Court's approved long form. *ECF No. 7 and 9*. Plaintiff provides a lengthy explanation about her financial situation in her renewed long form application, including that she is currently unemployed and is having a difficult time finding new employment because her son is undergoing serious medical treatments. *ECF No. 10 at 6.* Plaintiff states that her average income from the last twelve months does not reflect her current situation. *Id*. She also lists her bills and expenses. *Id. at 4*. The Court finds that plaintiff cannot afford the filing fee and grants her IFP application.

//

## II.    WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM

### A.  Legal standard

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general basis for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are

diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

### B. Complaint

#### a. Rule 8

Plaintiff's complaint is sparse on details, she states that she lives in Nevada and she is suing two companies (in different states[1]) for retaliation in violation of Title VII, discrimination based on race and sex, hostile work environment, and for defamation/reputational harm. *ECF No. 4-1*. Plaintiff generally refers the Court to her exhibits rather than stating facts to support her allegations. The Court will not sift through plaintiff's numerous attachments to glean what claims for relief might lay hidden in plaintiff's exhibits because such style of pleading violates Rule 8. *Brown v. Cal*., No. 23-55813, 2024 U.S. App. LEXIS 23430, 2024 WL 4198684, at *1 (9th Cir. Sept. 16, 2024). Although plaintiff lives here now and includes boilerplate language that venue is proper in Las Vegas and that the events took place here, plaintiff does not state any facts to show that the events took place here. For example, plaintiff does not state what her job was or whether she worked at a physical office in Las Vegas.

Plaintiff's claims for relief all fail to tie specific facts to specific defendants in a simple, concise or direct manner that would reasonably allow each defendant to understand the link between alleged conduct and alleged deprivation of rights. Plaintiff's claims are so bare-bone that it would be "excessively difficult for individual defendants to formulate proper defenses and [would] subject the [defendants] to unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996). Plaintiff's complaint also contains legal conclusions and argumentative assertions. Plaintiff identifies multiple claims against the two defendants, but there are not enough facts in the complaint to identify

---

[1] Though it is not clear if one of the defendants (Manpower) is located in Nevada.

how each defendant may have violated each claim. The Court cautions plaintiff that if she amends, her amended complaint must comply with Rule 8.

### b. Plaintiff's Federal Claims

### i. Retaliation

To state a retaliation claim, plaintiff must allege: (1) she engaged in activity protected under Title VII; (2) the employer subjected plaintiff to an adverse employment action; and (3) there is a causal link between the protected activity and the employer's action. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). Plaintiff does not state a claim of retaliation under Title VII because it is not clear what protected activity she engaged in. The complaint is bereft of factual allegations supporting her discrimination claim: she merely attaches exhibits and refers the Court to her exhibit to decipher the claim, which as discussed above, violates Rule 8. Exhibits are "not a substitute for a well-pled complaint[.]" *Briggs v. Aetna Pharm. Mgmt.*, No. 3:24-cv-05681-TMC, 2024 U.S. Dist. LEXIS 235003, 2024 WL 5264824, at *2 (W.D. Wash. Dec. 4, 2024). The Court thus dismisses plaintiff's retaliation claim. If plaintiff amends, she must state specific facts about what activity she engaged in that is protected under Title VII and tie it to what action the employer took and explain the causal link.

### ii. Racial and Sex Discrimination

To establish a prima facie case of discrimination under Title VII, the plaintiff must show: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for [her] position; (3) [s]he experienced an adverse employment action; and (4) similarly situated individuals outside h[er] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004)(citation omitted). Plaintiff states that she is a black woman and that she was "treated differently than others who were not members of her protected class." *ECF No. 4-1 at 3*. She also alleges that a "group of Black

employees, including Plaintiff, were terminated within the same timeframe under questionable circumstances." Plaintiff has established that she is a member of a protected class and that she experienced an adverse employment action. Plaintiff has not made any factual allegations to show that she was qualified for her position. She also does not provide specific factual allegations to show that similarly situated people outside of her protected class were treated more favorably. Plaintiff merely restates the legal standard, which is not a specific factual allegation. For example, plaintiff does not state facts to show how she treated differently from her non-black or non-female coworkers. Plaintiff does not give any details about the "questionable circumstances" when she refers to her protected co-workers.  As discussed above, these two sentences also do not comply with Rule 8 because there are no factual details. The Court thus dismisses plaintiff's discrimination claim. If plaintiff amends, she must state specific facts to support her claims.

### iii.   Hostile Work Environment

Per Title VII, "[a] plaintiff bringing a hostile work environment claim must show discrimination by an employer on account of membership in a protected group under 42 U.S.C. § 2000e-2(a)(1)." *Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 978 (9th Cir. 2023) (quotation omitted). A hostile work environment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) (citation omitted). When determining whether an environment is sufficiently hostile, the Court "must consider all the circumstances, including frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Christian v. Umpqua Bank*, 984 F.3d 801, 809 (9th Cir. 2020) (citations and quotation marks omitted).

5

Plaintiff states that she "was subjected to continuous hostility and intimidation from coworkers with ties to leadership, and management failed to intervene." *ECF No. 4-1 at 3*. That is plaintiff's only allegation to support this claim. Plaintiff does not describe any specific incidents to support her hostile work environment claim. Plaintiff's claim also, again, fails under Rule 8. The Court thus dismisses plaintiff's hostile work environment claim. If plaintiff amends, she must state specific facts to support her claims.

### c.  State Law Claims

Plaintiff is also attempting to assert state law claims, such as for defamation and potentially other reputational tort claims (but it is not clear). It is also not clear if plaintiff is attempting to bring a state law hostile work environment claim. Plaintiff has not stated a federal claim for relief. It is not clear if diversity jurisdiction exists in the alternative since it is not clear whether one of the defendants (Manpower) is a citizen of the same state as the plaintiff (Nevada). As stated above, it is also not clear if the events plaintiff complains of happened in Nevada or some other state.

Since the plaintiff must successfully state either a federal claim or diversity jurisdiction to proceed with her case, the Court will not screen plaintiff's remaining state court claims at this time. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); see also *Karriem v. Cellco P'ship*, No. 2:20-cv-00884-JAD-VCF, 2021 U.S. Dist. LEXIS 131876, at *17 (D. Nev. July 15, 2021)(Declining to screen

and dismissing state law claims when there are no remaining federal claims). The Court dismisses all plaintiff's state law claims without prejudice. If plaintiff amends and is able to state either a federal claim, or show that diversity jurisdiction exists, the Court will screen her state law claims if she realleges them in her amended complaint.

### C. Conclusion

Plaintiff has not articulated any plausible claims. Plaintiff's claims do not satisfy Rule 8's notice requirements, along with other deficiencies. It is possible that these deficiencies may be cured through amendment.  Plaintiff's complaint is dismissed without prejudice.  Plaintiff must file an amended complaint explaining the circumstances of the case, the relief plaintiff seeks, and the law upon which she relies in bringing the case.  The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading."  LR 15-1(a).

//

//

**IT IS SO ORDERED:**

1. That plaintiff's *Application To Proceed In Forma Pauperis* (ECF No. 10) is **GRANTED**.

2. Plaintiff's complaint (ECF No. 2-1) is **DISMISSED** without prejudice with leave to amend.

3. That plaintiff has until **March 20, 2026**, to file an amended complaint addressing the issues discussed above.

4. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

5. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATE: February 19, 2026.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**