**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Darnesha Jones,

Plaintiff,

vs.

Zoox, Inc., et al.,

Defendants.

CASE NO. 2:25-cv-01012-RFB-MDC

**ORDER SCREENING COMPLAINT (ECF NO. 12)**

Pro se plaintiff filed a proposed first amended complaint (ECF No. 12) pursuant to the Court's screening order (ECF No. 11). The Court now rescreens her first amended complaint and finds that plaintiff has stated a race-discrimination claim (part of Claim #2). The Court however **DISMISSES** plaintiff's remaining claims for discrimination based on sex (part of Claim #2), retaliation in violation of Title VII (Claim #1), hostile work environment (Claim #3) and for defamation/reputational harm (Claim #4), without prejudice, and with leave to refile by December 7, 2026.[1]

The Court puts plaintiff's race-discrimination claim on hold, or in abeyance ("**ABEYANCE**") pending potential amendment: (1) if plaintiff does not file an amended complaint by December 7, 2026, the Court will order that she be allowed to proceed only with her race-discrimination claim portion of her Claim #2, and recommend that her remaining claims be dismissed; or (2) if plaintiff files an amended complaint by December 7, 2026,  she must restate her race-discrimination claim in her

[1] Since plaintiff has now stated at least one federal claim, as discussed in the previous screening order, the Court must also screen plaintiff's state law claim for defamation for the first time in this screening order. The Court will thus give plaintiff another opportunity to amend all her remaining claims.

amended complaint, along with any additional claims she wishes to reallege, because her amended complaint must be complete in itself.[2]

## I. LEGAL STANDARD

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted).

The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (citation omitted). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[2] This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the prior complaint (*i.e.* plaintiff's First Amended Complaint at ECF No. 12) no longer serves any function in the case.

## II. COMPLAINT

### A. Brief Background

Plaintiff alleges that ManpowerGroup U.S. Inc. ("Manpower") assigned her to work at Zoox, Inc.("Zoox"). *ECF No. 12* at 1-2. Plaintiff alleges she worked for Zoox through Manpower from approximately October 2023 through August 2024. *Id*. She alleges that both companies operated in Nevada and that the events occurred in Las Vegas. *Id*. Plaintiff alleges that around June 2024, she reported aggressive and inappropriate coworker behavior, feeling unsafe at work, and concerns about retaliation. *Id.* at 2-3. After making those complaints, she allegedly experienced increased hostility and intimidation, was placed on leave, and faced allegations of misconduct, including soliciting money for sex. *Id.* Plaintiff alleges that those accusations were false and that she possessed text messages and witness testimony contradicting them. *Id.* at 3. Despite her request for reassessment and submission of evidence, the defendants upheld her termination. *Id*. The Court notes that many of plaintiff's individual claims are sparse on details, but construing her first amended complaint liberally, the Court considers the factual background together with the allegations under each claim.

### B. Racial and Sex Discrimination (Claim #2)

Title VII of the Civil rights act makes it "an unlawful employment practice for an employer to...discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Before a claimant can file a Title VII claim, the claimant must file a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). *See Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 383 (9th Cir. 1997). If the EEOC dismisses the charge, the claimant has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1). When considering timeliness of a complaint, Courts in this district have found that a complaint is deemed filed "upon presentation to the

court clerk when accompanied by an IFP motion[.]" *Maluf v. Bergelectric Corp.*, No. 2:23-cv-00115-CDS-MDC, 2025 U.S. Dist. LEXIS 131116, at *9 (D. Nev. July 9, 2025), citing to *Pullano v. #8170, CCDC Guard*, 2011 U.S. Dist. LEXIS 74179, at *13-14 (D. Nev. July 7, 2011).

To establish a prima facie case of discrimination under Title VII, the plaintiff must show: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for [her] position; (3) [s]he experienced an adverse employment action; and (4) similarly situated individuals outside h[er] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004)(citation omitted).

Plaintiff timely filed her original complaint in this Court as she filed it within the ninety-day limit. *See ECF No. 2-1* at 4. The prior screening order found that plaintiff had adequately alleged her membership in a protected class and an adverse employment action but had not alleged that she was qualified or provided facts showing more favorable treatment of similarly situated employees outside her protected classes. *ECF No. 11* at 5. Plaintiff alleges that she is a black woman and that she worked for Zoox through Manpower for approximately ten months without prior disciplinary issues. *ECF No. 12* at 2-4. Plaintiff alleges that she performed her job without prior disciplinary issues. *Id.* at 2. Plaintiff's alleged work history supports her claim, at this early screening stage, that she was qualified for the position. Plaintiff has also alleged an adverse employment action because she states that (1) the defendants placed her on leave without warning and (2) they terminated her. *Id.* at 2-3.

**a. Racial Discrimination**

Plaintiff alleges that multiple black employees were disciplined or terminated within a short period, while a white male supervisor, Anthony, was not disciplined despite complaints. *Id.* at 3. Plaintiff also alleges that reporting procedures were applied unequally and that defendants upheld her

termination despite evidence contradicting the accusations against her. *Id*. at 2–3. Plaintiff does not describe Anthony's alleged misconduct or establish that his supervisory position was comparable to hers. Plaintiff's allegations that (1) black employees were disciplined and terminated, (2) that she had a previously discipline-free work history, and (3) that the allegedly unsupported accusations underlying her termination, taken together, are enough to provide notice to the defendants of plaintiff's race discrimination claim at this initial screening stage.

**b. Sex Discrimination**

Plaintiff's membership in a protected class, work history, and termination support the first three factors, but the alleged pattern concerns black employees, not female employees. Anthony's identification as a white male does not, without more facts concerning comparable conduct and circumstances, provide notice to the defendants regarding sex-based differential treatment. Nor does plaintiff identify any similarly situated male employee who received more favorable treatment or allege other circumstances specifically connecting her discipline or termination to her sex. The accusation that plaintiff solicited money for sex provides some context, but its sexual subject matter does not by itself explain why defendants acted because of plaintiff's gender. Plaintiff states a plausible race-discrimination theory but not a sex-discrimination theory. If plaintiff amends her sex discrimination claim, she should provide more details to provide notice to the defendants of any other circumstances surrounding the adverse employment action that may give rise to an inference of discrimination.

**C. Retaliation (Claim #1)**

To state a retaliation claim, plaintiff must allege: (1) she engaged in activity protected under Title VII; (2) the employer subjected plaintiff to an adverse employment action; and (3) there is a causal link between the protected activity and the employer's action. *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

The prior screening order dismissed plaintiff's retaliation claim because the original complaint did not identify the protected activity, connect that activity to an employer action, or explain the causal link. *ECF No. 11* at 4. Plaintiff now generally alleges that she reported "aggressive and inappropriate workplace conduct," "unsafe and uncomfortable conditions," and "concerns that she would face retaliation for reporting internally." *ECF No. 12* at 2. She further alleges that, shortly after those reports, Jones was placed on leave without warning, subjected to allegations of misconduct, and ultimately terminated. *Id.* at 2-3.

These additional allegations identify the complaints and subsequent adverse actions, which cures some of the issues the Court identified in the prior screening order. Plaintiff, however, does not sufficiently identify specific protective activity. Protected activity includes filing a complaint opposing an employer's discriminatory practices in violation of Title VII. *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), *opinion amended on denial of reh'g*, 2003 WL 21027351 (9th Cir. May 8, 2003). Plaintiff's allegations regarding her complaints are too general and do not specifically show that any such complaints opposed discrimination based on race, sex, or another characteristic protected by Title VII. *See e.g., Lesane v. Aloha Airlines, Inc.,* 226 F. App'x 693, 698 (9th Cir. 2007)(general allegations that employer retaliated after employee complained about graffiti and noises without further alleging any related discrimination did not constitute protected activity). General workplace concerns and fear of retaliation do not, without additional allegations connecting the reported conduct to Title VII discrimination, plausibly establish protected activity. If plaintiff amends, she should provide more details about her complaints as outlined in this Order. The Court finds that plaintiff's retaliation claim does not pass screening at this time.

**D. Hostile Work Environment (Claim #3)**

Per Title VII, "[a] plaintiff bringing a hostile work environment claim must show discrimination

by an employer on account of membership in a protected group under 42 U.S.C. § 2000e-2(a)(1)." *Sharp v. S&S Activewear, L.L.C.*, 69 F.4th 974, 978 (9th Cir. 2023) (quotation omitted). A hostile work environment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) (citation omitted). When determining whether an environment is sufficiently hostile, the Court "must consider all the circumstances, including frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Christian v. Umpqua Bank*, 984 F.3d 801, 809 (9th Cir. 2020) (citations and quotation marks omitted).

The prior screening order dismissed this claim because plaintiff alleged only continuous hostility and intimidation by coworkers with ties to leadership and management's failure to intervene, without describing specific incidents. *ECF No. 11* at 6. Plaintiff alleges in her first amended complaint that her coworkers were aggressive and engaged in inappropriate conduct. *ECF No. 12* at 2. She also alleges she experienced increased hostility, intimidation, unsafe conditions, and that management failed to intervene. *Id*. Plaintiff alleges that this environment interfered with her ability to perform her job. *Id. at 4*. Plaintiff's amended allegations remain too general to provide notice to the defendants regarding the frequency, severity, or nature of the conduct. Plaintiff's allegations also do not connect the hostility, intimidation, or unsafe conditions to her race or sex. Plaintiff's allegation that management failed to act does not identify what Zoox or Manpower knew, when each defendant learned of the conduct, or what authority each defendant had to correct it. The Court finds that plaintiff's hostile work environment claim does not pass screening at this time, but if she amends, she should provide specific details to provide the defendants notice as outlined in this Order.

**E. Defamation (Claim #4)**

To succeed on a defamation claim in Nevada, a plaintiff must show: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1148 (9th Cir. 2012)(quoting *Pope v. Motel 6*, 121 Nev. 307, 114 P.3d 277, 282 (Nev. 2005)).

The prior screening order did not screen the state-law claims because no federal claim remained and the original complaint did not establish diversity jurisdiction. *ECF No. 11* at 6. Since the race-discrimination claim now passes screening, the Court screens the defamation claim. Plaintiff alleges that she was falsely accused of soliciting money for sex, inappropriate conduct, and retaliation. *ECF No. 12* at 2-3. She alleges that defendants relied on and communicated these accusations and that the accusations harmed her reputation and future employment opportunities. *Id.* at 4. The accusation that plaintiff solicited money for sex is sufficiently specific to identify an allegedly false and defamatory statement concerning her. Plaintiff does not, however, identify which defendant made or communicated that statement, the person to whom it was published, when or how it was communicated, whether the publication was unprivileged, or facts supporting fault by either defendant.

The collective allegation that defendants "relied on and communicated" the accusations does not provide notice to the defendants regarding each defendant's involvement. Plaintiff's defamation claim does not pass screening at this time. *See PAI Corp. v. Integrated Sci. Sols., Inc.,* No. C-06-5349 JSW(JCS), 2007 WL 1229329, at *8 (N.D. Cal. Apr. 25, 2007)(collecting cases where the requirements of Rule 8 have not been met defamation claims that fail to allege the substance of the statements and/or the time and place in which they were made), citing *White v. Hansen,* 2005 WL 1806367 (N.D.Cal. July 28, 2005) (holding that allegation that defendant made belittling statements about plaintiff was not

sufficient to support slander claim because plaintiff did not identify any specific statements or indicate to whom the statements were made); *Harris v. City of Seattle,* 315 F.Supp.2d 1112, 1123-24 (D.Wash.2004) (holding that defamation claims failed because the plaintiff alleged only that defendants "fabricated stories" and disseminated reports that "contained falsities" but did not identify what these alleged "falsities" and "stories" were or when the statements occurred); *Ahmed v. Gelfand,* 160 F.Supp.2d 408, 416 (E.D.N.Y.2001) (holding that to satisfy Rule 8, plaintiff asserting defamation claim must "merely state the substance of the purported communication, who made the communication, when it was made, and to whom it was communicated," and holding that allegations were insufficient in that case because plaintiff did not identify which defendant made the supposedly defamatory statements, when the statements were made, or to whom they were made); and *Celli v. Shoell,* 995 F.Supp. 1337, 1345-46 (D.Utah 1998) (holding general allegation that defendants had made defamatory statements against the plaintiffs over a period of four years was too vague to satisfy Rule 8 because "the complaint fails to identify any specific defamatory statements made by the defendants or when, where, or to whom any defamatory statements were made").

If she amends, she must include additional factual allegations, as outlined in this Order, to provide notice to the defendants.[3]

//

---

[3] Plaintiff is cautioned that leave to amend her defamation claim, and any subsequent determination that the amended claim may proceed past screening, does not preclude a defendant from seeking dismissal under Nevada's anti-SLAPP statute, NRS 41.660. If the Court grants a special motion to dismiss under that statute, NRS 41.670(1)(a) requires an award of reasonable costs and attorney's fees to the successful moving party, and plaintiff's pro se status does not shield her from that potential financial obligation. The District of Nevada has found a defendant entitled to recover reasonable costs and attorney's fees against a pro se plaintiff after granting an anti-SLAPP motion as to portions of her claims. *See Smith v. Craig*, No. 2:19-cv-00824-GMN- EJY, 2020 U.S. Dist. LEXIS 38774, at *33 (D. Nev. Mar. 4, 2020) (finding entitlement to fees and costs attributable to the successful portions of the anti-SLAPP motion and deferring determination of the amount pending further briefing).

## III. CONCLUSION

Plaintiff's amendment supplies factual allegations that were absent from her original complaint. At the screening stage, she has plausibly alleged race discrimination against Zoox and Manpower. She has not plausibly alleged retaliation, sex discrimination, a hostile work environment, or defamation against either defendant. Plaintiff's claims do not satisfy Rule 8's notice requirements, along with other deficiencies. Thus, plaintiff's claims for retaliation, sex discrimination, a hostile work environment, and defamation are dismissed without prejudice. It is possible that these deficiencies may be cured through further amendment, and the court grants plaintiff leave until December 7, 2026, to file another amended complaint to address the deficiencies noted in this Order. Plaintiff must also reallege her racial discrimination claim so that the amended complaint is complete in itself per LR 15-1(a). If plaintiff does not amend, the Court will order that her case be allowed to proceed on the sole racial discrimination claim, and recommend that the remaining claims be dismissed.

**IT IS SO ORDERED that:**

1. Plaintiff's claims for discrimination based on sex, retaliation in violation of Title VII, hostile work environment, and for defamation/reputational harm, are **DISMISSED** without prejudice, and with leave to refile.
2. Plaintiff's race-discrimination claim will proceed against Zoox, Inc. and ManpowerGroup U.S. Inc., however, the Court holds this claim in **ABEYANCE** pending plaintiff's potential amendment.
    a. If plaintiff does not amend, the Court will order that she be allowed to proceed with her race-discrimination claim and recommend that her remaining claims be dismissed; or

b. If plaintiff amends, she must restate her race-discrimination claim in her amended complaint, along with her additional claims, because her amended complaint must be complete in itself.

3. Plaintiff has until **December 7, 2026**, to file an amended complaint addressing the issues discussed above.
4. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation that her remaining claims be dismissed.
5. The Clerk of the Court is directed NOT to issue summons if plaintiff files another amended complaint per this Order. The Court will issue a screening order on that amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATE: November 9, 2026.

_______________________________
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**